IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI,
NORTHERN DIVISION

MISSISSIPPI CHILDREN'S HOME SERVICES,
INC. *d/b/a* CANOPY CHILDREN'S SOLUTIONS          PLAINTIFF

v.          CIVIL ACTION NO.   3:20-cv-712-HTW-LRA

KANOPY HEALTHCARE PARTNERS, INC.
*d/b/a* KANOPY HEALTHCARE SOLUTIONS          DEFENDANT

## COMPLAINT

Plaintiff, Mississippi Children's Home Services, Inc. *d/b/a* Canopy Children's Solutions ("Canopy"), by its undersigned attorneys, for its Complaint against Defendant, Kanopy Healthcare Partners, Inc. *f/k/a* Ascentium Healthcare Resources I, Inc. *d/b/a* Kanopy Healthcare Solutions ("Kanopy") alleges as follows:

### NATURE OF THE ACTION

1. The organization that later became known as "Canopy Children's Solutions" opened its doors in 1912 with the mission of placing orphaned children into permanent, loving homes. Over the next 100 years, that organization pioneered programs for children suffering from abuse, addiction, psychiatric illness, and developmental disorders.

2. In 2016, the organization rebranded itself as "Canopy" and "Canopy Children's Solutions" to reflect the breadth of behavioral health, educational, and social solutions it provides for children and families across Mississippi. Canopy is headquartered in Jackson, Mississippi, has Behavioral Health Clinics in Jackson, Hattiesburg, Gulfport and has a community-based program in McComb, Mississippi.

3. Canopy sought and obtained U.S. Trademark Registrations for the names "Canopy" and "Canopy Children's Solutions." Canopy has continued its use of the tradename

and servicemarks "Canopy" and "Canopy Children's Solutions" and has continuously worked to strengthen its brand identity and goodwill. Canopy's brand is especially critical as it is a non-profit 501(c)(3) entity that relies heavily on its goodwill to attract donors.

4. The organization formerly known as Ascentium Healthcare Resources I, Inc., headquartered in Magee, Mississippi, provides certain services to hospitals and other healthcare providers, *i.e.*, revenue cycle management, operational resources, and behavioral health programs such as an outpatient psychiatric program and an inpatient geropsych program.

5. On February 20, 2020, Chris Link, a representative of Ascentium Healthcare Resources I, Inc., met with Canopy's executive director, Dr. John Damon. The purpose of the meeting was to request permission from Canopy for Ascentium Healthcare Resources I, Inc. to rebrand itself as "Kanopy." Link's request was denied. Link was specifically told by Tammy Amis, Dr. Damon's chief of staff, that the name "Kanopy" would not be an acceptable option. Amis further implored Link by stating, "please don't put us in this position," and that Canopy would take legal action to protect the brand.

6. Nonetheless, Ascentium Healthcare Resources I, Inc. announced on social media ten days later that it was re-branding itself as "Kanopy Healthcare Partners" and "Kanopy Healthcare Solutions" (hereinafter "Kanopy"). Canopy has demanded on multiple occasions that Kanopy cease and desist using the name "Kanopy," to no avail.

7. As a result, to protect the goodwill that it has established and its rights in its brand, Canopy brings this action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a); trademark dilution under Mississippi Code Annotated Section 75-25-25; trademark infringement and unfair competition under Mississippi common law; and unjust

enrichment under Mississippi common law. As described below, Canopy seeks injunctive relief, an accounting of Kanopy's profits flowing from its use of the infringing mark, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

8. Mississippi Children's Home Services, Inc. *d/b/a* Canopy Children's Solutions is a non-profit corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located at 1465 Lakeland Drive, Jackson, Mississippi 39216.

9. Kanopy Healthcare Partners, Inc. *d/b/a* Kanopy Healthcare Solutions is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located at 110 Pioneer Way, Magee, Mississippi 39111.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. Section 1121, and under 28 U.S.C. Sections 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over Canopy's State law claims under 28 U.S.C. Section 1367(a).

11. This Court has personal jurisdiction over Kanopy because it is organized under the laws of the State of Mississippi and because it maintains its principal place of business, and continuously and systematically conducts, transacts, and solicits business in this State, District and Division.

12. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Kanopy is subject to personal jurisdiction in this District due to its transacting business herein, because Kanopy has substantial contact with this District, because Kanopy maintains its

principal place of business in this District, because a substantial portion of the events at issue have arisen and will arise in this District, and because Canopy is suffering harm in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.  Canopy's Service mark

13. Canopy has used the names "Canopy" and "Canopy Children's Solutions" in connection with its services and as part of its identity since 2016.

14. Canopy owns the following U.S. trademark registrations:

- "Canopy", U.S. Reg. No. 5449177, registered April 17, 2018 in International Classes 41, 44, and 45.

- "Canopy Children's Solutions" (stylized), U.S. Reg. No. 5449289, registered April 17, 2018 in International Classes 41, 44, and 45.

The above registrations, copies of which are attached as Exhibit A hereto, are valid, subsisting and in full effect and serve as prima facie evidence of the validity of Canopy's marks, pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. Section 1115(a).

15. Canopy is Mississippi's most comprehensive nonprofit provider of children's behavioral health, educational, and social services solution and serves all 82 Mississippi counties. Canopy is an IRC Section 501(c)(3) entity that relies heavily on charitable giving for funding of its operations. Its name recognition and good-will are powerful tools in its quest to fulfill its mission. As such, Canopy has and continues to expend resources to develop and increase its name recognition and brand awareness of its stakeholders as well as the public at large.

16. As a result of Canopy's reputation and significant investment in marketing, the names Canopy and "Canopy Children's Solutions" have become strong trade names and

servicemarks identifying Canopy's platform and services. These servicemarks represent substantial goodwill and are an extremely valuable asset to Canopy.

**B.    Kanopy's Wrongful Activities**

17.    On January 31, 2020, Ascentium Healthcare Resources I, Inc. filed a Fictitious Business Name Registration with the Mississippi Secretary of State for the name "Kanopy Healthcare Solutions." On February 10, 2020, Ascentium Healthcare Resources I, Inc. filed a Certificate of Amendment with the Mississippi Secretary of State, amending its Fictitious Business Name Registration to "Kanopy Healthcare, Inc." On February 12, 2020, "Kanopy Healthcare, Inc." filed a second Certificate of Amendment, changing its name to "Kanopy Healthcare Partners, Inc." Canopy did not consent to these filings or to the use of the names "Kanopy Healthcare Solutions," Kanopy Healthcare, Inc." or "Kanopy Healthcare Partners, Inc."

18.    Canopy first learned that Ascentium Healthcare Resources I, Inc. intended to rebrand itself as "Kanopy," "Kanopy Healthcare Solutions," and "Kanopy Healthcare Partners, Inc." on February 20, 2020, when Chris Link, a representative of Ascentium Healthcare Resources I, Inc., met with Canopy's executive director, Dr. John Damon to request permission to do so. Link knew she needed permission from Canopy to use the name Kanopy. That was the point of the meeting. Link even told Damon during the meeting that "imitation is the highest form of flattery."

19.    Link's request was denied. Link was specifically told by Tammy Amis, Dr. Damon's chief of staff, that "Kanopy" would not be an acceptable option. Amis further implored Link by stating, "Please don't put us in this position. We will take legal action to protect our brand." Despite the warnings, Ascentium Healthcare Resources I, Inc. announced on social media ten days later that it was re-branding itself as "Kanopy Healthcare Partners" and "Kanopy

Healthcare Solutions." Canopy has demanded on multiple occasions that Kanopy cease and desist using the name "Kanopy," to no avail.

20. The use of the names "Kanopy," "Kanopy Healthcare Partners, Inc." and "Kanopy Healthcare Solutions" (sometimes referred to as the "offending marks") create an impermissible and undesired association with Canopy and creates a likelihood of confusion. Nonetheless, Kanopy is currently offering its services under those names and intends to continue doing so indefinitely.

21. Kanopy is not associated or affiliated with Canopy, and Canopy has never authorized, approved or otherwise licensed use of the names "Kanopy," "Kanopy Healthcare Partners, Inc." and "Kanopy Healthcare Solutions" in connection with services offered by Kanopy. Kanopy's impermissible use of these names began over four years after Canopy first used its servicemarks in commerce and almost two years after it received federal trademark protection of its marks.

22. Kanopy was on actual notice of Canopy's rights in its mark at least by February 20, 2020, when it sought permission from Canopy to change its name and branding to "Kanopy" and prior to its rebrand announcement. Upon information and belief, Kanopy had actual notice of Canopy's rights in its mark even prior to its filings with the Mississippi Secretary of State.

23. The name "Kanopy" is similar in sight, identical in sound and denotes the same commercial impression as the name "Canopy." The phrase "Kanopy Healthcare Solutions" is similar in sight, sound and commercial impression to "Canopy Healthcare Solutions." The addition of the phrase "Healthcare Partners, Inc." to the word "Kanopy" in Kanopy's new name does not dispel confusion as the name is preceded by the word "Kanopy." On this point, as

shown below, Kanopy prominently displays the word "Kanopy" in its branding, clearly intending to create brand association through that single word.



24. In addition, Kanopy's stylized mark, reproduced above, is remarkable similar to the stylized mark Canopy has been using in commerce, reproduced below, since 2016.



As demonstrated, the layout, font and color scheme of Kanopy's mark is remarkably and impermissibly similar to that used by Canopy.

25. The goodwill that Canopy has built up in its marks through substantial investment and effort is put at risk by virtue of Kanopy's willful misappropriation of Canopy's mark to promote and sell its own services.

26. Though Kanopy and Canopy are not direct competitors, each engages in behavioral health programs. Given this overlap, Kanopy's misappropriation of Canopy's mark is likely to create the mistaken belief that Canopy has expanded its scope of services.

27. As a result of Kanopy's use of a mark strikingly and confusingly similar to Canopy's marks, Canopy is being irreparably harmed by the existence, marketing, promotion, offering for sale, and the sale of Kanopy's services.

28. Kanopy's actions are likely to injure Canopy's goodwill and reputation. The use of the offending marks unfairly and unlawfully wrests from Canopy control over its valuable tradenames, servicemarks and reputation as Canopy has no control over the quality of Kanopy's services.

29. Kanopy's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Canopy's business and goodwill unless restrained by this Court.

## COUNT 1:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

30. Canopy repeats and realleges the allegations set forth in Paragraphs 1-29 above as if fully set forth herein.

31. Kanopy's advertising, promotion, offering its services for sale using the offending marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Kanopy's services.

32. Such use falsely represents Kanopy as being legitimately connected with and/or authorized by Canopy and places beyond Canopy's control its own reputation and ability to control Kanopy's use of the offending marks or the quality of the services offered under those marks.

33. Kanopy's infringement of Canopy's tradenames and registered servicemarks is willful, intended to reap the benefit of the goodwill of Canopy, and violates Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

34. Kanopy's conduct has caused and is causing irreparable injury to Canopy and will continue to both damage Canopy and deceive the public unless enjoined by this Court.

35. Canopy has no other adequate remedy at law.

## COUNT 2:
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

36. Canopy repeats and realleges the allegations set forth in Paragraphs 1-35 above as if fully set forth herein.

37. Kanopy's use the offending marks for services that are related and similar to those offered by Canopy constitutes a false designation of origin and a false representation as to the origin of Kanopy's services.

38. Kanopy's use of the offending marks in connection with its services, which are in the healthcare industry and include behavioral health programs, is likely to cause confusion, mistake, or deception as to the source of Kanopy's services and is likely to create the false impression that those services are authorized, sponsored, endorsed, licensed by, or affiliated with Canopy.

39. Kanopy's conduct is willful, intended to reap the benefits of the goodwill of Canopy, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(A).

40. Kanopy's conduct has caused and is causing irreparable injury to Canopy and will continue to damage Canopy and deceive the public unless enjoined by this Court.

41. Canopy has no other adequate remedy at law.

## COUNT 3:
## TRADEMARK DILUTION UNDER MISSISSIPPI LAW
## (MISS. CODE ANN. § 75-25-25)

42. Canopy repeats and realleges the allegations set forth in Paragraphs 1-41 above as if fully set forth herein.

43. Canopy's marks are famous as they are widely recognized by the general public and in the healthcare industry in the State of Mississippi as a designation or source of its services.

44. Kanopy's commercial use of the offending marks is diluting Canopy's marks by impairing the distinctiveness thereof, thereby lessening the capacity of those marks to identify and distinguish Canopy exclusively, in violation of Section 75-25-25 of the Mississippi Code.

45. Kanopy's conduct has caused and is causing irreparable injury to Canopy and will continue to damage Canopy and deceive the public unless enjoined by this Court.

46. Canopy has no other adequate remedy at law.

## COUNT 4:
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER MISSISSIPPI COMMON LAW

47. Canopy repeats and realleges the allegations set forth in Paragraphs 1-46 above as if fully set forth herein.

48. Kanopy's use of the offending marks in the healthcare industry and in connection with behavioral health services is likely to confuse the public as to the origin, source or sponsorship of its services and has or will cause mistake or deceive the public, and Kanopy's target customers in the healthcare industry, into believing that Kanopy's services are authorized, sponsored, endorsed, licensed by, or affiliated with Canopy, in violation of Canopy's rights in its marks under the common law of the State of Mississippi.

49. Kanopy chose to use the offending marks with full knowledge of Canopy's prior use of and rights in its marks. By adopting and using a colorable imitation of Canopy's marks, Kanopy has been unjustly enriched and Canopy has been damaged.

50. By misappropriating and trading upon the goodwill and business reputation represented by Canopy's marks, Kanopy has been and, unless enjoined by this Court, will continue to be, unjustly enriched at Canopy's expense.

51. Kanopy's conduct and use of the offending marks constitute unfair competition and trademark infringement under the common law of the State of Mississippi.

52. Kanopy's conduct and use of the offending marks has caused and is causing irreparable injury to Canopy and will continue to damage Canopy and deceive the public unless enjoined by this Court.

53. Canopy has no other adequate remedy at law.

## COUNT 5:
## UNJUST ENRICHMENT UNDER MISSISSIPPI COMMON LAW

54. Canopy repeats and realleges the allegations set forth in Paragraphs 1-53 above as if fully set forth herein.

55. By engaging in the conduct described above and using the offending marks, Kanopy has directly and knowingly benefitted, including without limitation, unjust benefits from its unlawful use, misappropriation and infringement of Canopy's servicemarks and goodwill.

56. As a result, Kanopy has received and holds money which, in equity and good conscience, belongs to Canopy.

57. Kanopy has been unjustly enriched by taking advantage of Canopy's marks, reputation and brand, all of which Canopy invested significant time and money to develop.

58. In addition, Kanopy has financially benefitted from its wrongful use of the offending marks without paying Canopy a royalty, license or other fee in return for such use and benefit.

59. Canopy is entitled to just compensation under the common law of the State of Mississippi.

60. Kanopy's conduct and use of the offending marks has caused and is causing irreparable injury to Canopy and will continue to damage Canopy and deceive the public unless enjoined by this Court.

61. Canopy has no other adequate remedy at law.

**WHEREFORE**, Canopy respectfully demands judgment as follows:

(1) That a permanent injunction be issued enjoining Kanopy and any of its officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with Kanopy and any entity owned or controlled in whole or in part by Kanopy, in any jurisdiction in which it operates, from:

(a) imitating, copying or making unauthorized use of Canopy's marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation therefore, including but not limited to "Kanopy," "Kanopy Healthcare Partners, Inc.," and "Kanopy Healthcare Solutions" (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, servicemark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any healthcare related service offered by Kanopy or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any healthcare, behavioral health, educational or similar or related business or service offered by or on behalf of Kanopy or any individual, entity or other third party affiliated with Kanopy;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term used in connection with healthcare or behavioral health services, or otherwise using a Prohibited Mark on or in connection with any

website owned or controlled by Kanopy and used in connection with healthcare or behavioral health services;

(d) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark in connection with healthcare or behavioral health services;

(e) Using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provisions of any healthcare or behavioral health service;

(f) engaging in any other activity constituting unfair competition with Canopy or constituting an infringement of Canopy's marks; or

(g) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

(2) Directing that Kanopy deliver up to Canopy's attorneys for destruction, all goods, labels, tags, signs, stationary, prints, packages, promotional and marketing materials, advertisements and other material currently in its possession, custody or control, incorporating, featuring or bearing any Prohibited Mark.

(3) Directing that Kanopy disable any domain name incorporating a Prohibited Mark.

(4) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any healthcare or behavioral health service offered or promoted by Kanopy within the United States are authorized by Canopy or related in any way to Canopy or that Kanopy is otherwise affiliated with Canopy.

(5) Directing that Kanopy file with the Court and serve upon Canopy's counsel within thirty days after entry of judgment, a report in writing, under oath, setting forth in detail the manner and form in which they have complied with the order.

(6) Awarding Canopy such damages it has sustained or will sustain by reason of Kanopy's acts of trademark infringement and unfair competition.

(7) Awarding Canopy all gains, profits, property and advantages derived by Kanopy from its unlawful conduct and, pursuant to 15 U.S.C. Section 1117, awarding Kanopy an amount up to three times the amount of actual damages sustained as a result of Kanopy's violation of the Lanham Act.

(8) Awarding to Canopy exemplary and punitive damages to deter any further willful trademark infringement as the Court finds appropriate.

(9) Awarding to Canopy its costs and disbursements incurred in this action, including court costs and reasonable attorneys' fees.

(10) Awarding to Canopy interest, including pre-judgment interest on the foregoing sums.

(11) Awarding to Canopy such other interim relief, including, but not limited to a preliminary injunction, or permeant relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Canopy demands a jury trial in this action.

Respectfully submitted, this 4th day of November, 2020.

                    WISE CARTER CHILD & CARAWAY, P.A.
                    By: *D. Jason Childress*
                    D. Jason Childress (MSB No. 103678)
                    Ray Young (MSB No. 105851)
                    WISE CARTER CHILD & CARAWAY, P.A.
                    401 East Capitol Street, Suite 600 (39201)
                    P.O. Box 651
                    Jackson, Mississippi 39205-0651
                    P: 601.968.5500
                    F: 601.968.5593
                    djc@wisecarter.com

        Henry F. Laird, Jr. (MSB No. 1774)
**WISE CARTER CHILD & CARAWAY, P.A.**
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
P: 228.867.7141
F: 228.867.7142
hfl@wisecarter.com

*Attorneys for Plaintiff, Mississippi Children's Home Services, Inc. d/b/a Canopy Children's Solutions*